UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN ROBERT SLOAN,<br><br>          Petitioner,<br><br>   v.<br><br>ROSANNE CAMPBELL, Warden,<br><br>          Respondent. | 1:05-CV-1467 AWI SMS HC<br><br>FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS<br><br>[Doc. #6] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Stanislaus, following his conviction by jury trial on May 21, 2001, of one count of second degree murder in violation of Cal. Penal Code § 187, with arming/great bodily injury enhancements in violation of Cal. Penal Code §§ 12022.53 and 12022.5. See Lodged Document No. 1.[1] On August 14, 2001, Petitioner was sentenced to serve

---

[1] On March 28, 2006, Respondent lodged copies of the state court transcripts with her motion to dismiss.

an indeterminate term of 15 years to life with possibility of parole on the murder conviction plus 25 years to life on the enhancements. Id.

Petitioner appealed the conviction to the California Court of Appeal, Fifth Appellate District (hereinafter "5th DCA"). On March 24, 2003, the appellate court affirmed the judgment. See Lodged Document No. 2. Petitioner filed a petition for review in the California Supreme Court; it was summarily denied on June 11, 2003. See Lodged Documents Nos. 3 and 4.

Petitioner then filed four post-conviction collateral challenges in the state courts. Petitioner filed his first collateral challenge, a petition for writ of habeas corpus, on September 30, 2003, in the 5th DCA.[2] See Lodged Document No. 5. It was denied without comment on October 20, 2003. See Lodged Document No. 6. Petitioner next filed a petition for writ of habeas corpus in the Stanislaus County Superior Court on May 11, 2004.[3] See Lodged Document No. 7. The petition was denied in a reasoned opinion on May 21, 2004. Id. On August 31, 2004, Petitioner filed a petition for writ of habeas corpus in the 5th DCA.[4] See Lodged Document No. 8. The petition was summarily denied on September 16, 2004. See Lodged Document No. 9. Finally, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court on September 30, 2004.[5] See Lodged Document No. 10. The petition was summarily denied on September 21, 2005. See Lodged Document No. 11.

---

[2] Although the petition was actually filed in the 5th DCA on October 8, 2003, the petition was dated September 30, 2003. In Houston v. Lack, the Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988). The Ninth Circuit has applied the rule to assess the timeliness of federal habeas filings under the AEDPA limitations period. Huizar v. Carey, 273 F.3d 1220, 1222, (9th Cir. 2001), citing Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988). Therefore under the mailbox rule, the Court deems the petition filed on September 30, 2003, the date Petitioner presumably handed his petition to prison authorities for mailing.

[3] A copy of the petition was not provided to the Court by either party. Respondent states she attempted to obtain a copy from the superior court; however, the superior court was unable to locate the file. Therefore, the Court will utilize the date the petition was filed in the superior court - May 11, 2004 - as the date of filing.

[4] This petition was filed in the 5th DCA on September 7, 2004, but it was signed by Petitioner on August 31, 2004. Under the mailbox rule, the Court deems the petition filed on August 31, 2004, the date Petitioner presumably handed his petition to prison authorities for mailing.

[5] The petition was filed on October 6, 2004, but dated September 30, 2004. Therefore, the Court will utilize September 30, 2004, as the date of filing pursuant to the mailbox rule.

1  On October 21, 2005, Petitioner filed a petition for writ of habeas corpus in this Court.[6] On
2  March 28, 2006, Respondent filed a motion to dismiss the petition as being filed outside the one-year
3  limitations period prescribed by 28 U.S.C. § 2244(d)(1). On May 5, 2006, Petitioner filed an
4  opposition to Respondent's motion to dismiss.

**DISCUSSION**

A.  Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period. Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059,

---

[6]This petition was filed in this Court on November 16, 2005, but it is dated October 21, 2005. Under the mailbox rule, the Court will utilize October 21, 2005, as the date of filing.

2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

In this case, the petition was filed on October 21, 2005, and therefore, it is subject to the provisions of the AEDPA. The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the petitioner's direct review became final. In this case, the petition for review was denied by the California Supreme Court on June 11, 2003. Thus, direct review concluded on September 9, 2003, when the ninety (90) day period for seeking review in the United States Supreme Court expired. Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998). Petitioner had one year until September 9, 2004, absent applicable tolling, in which to file his federal petition for writ of habeas corpus. However, Petitioner delayed filing the instant petition until October 21, 2005, over one year beyond the due date. Absent any applicable tolling, the instant petition is barred by the statute of limitations.

C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Chavis v. Evans, ___ U.S. ___, 126 S.Ct. 846 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

As stated above, the statute of limitations began to run on September 9, 2003, and expired on September 9, 2004. Petitioner's first state habeas petition was filed in the 5th DCA on September 30, 2004, which was within the statute of limitations. At that point, 21 days of the limitations period had expired. Under § 2244(d)(2), Petitioner is entitled to tolling for the time this petition was pending until it was denied on October 20, 2003.

Petitioner filed his next petition in the Stanislaus County Superior Court nearly seven months later on May 11, 2004. Respondent submits that the interval should not be tolled because Petitioner unreasonably delayed and did not proceed in an orderly fashion upward to the next appellate level. Respondent's arguments are persuasive. Pursuant to the Supreme Court's rulings in Saffold and Chavis, Petitioner is entitled to tolling for the interval between the denial of the first state habeas petition and the filing of the second habeas petition, provided that Petitioner did not unreasonably delay in filing his second petition. Saffold, 536 U.S. at 225; Chavis, 126 S.Ct. at 852. As noted by Respondent, Petitioner delayed for nearly seven months until he filed his second habeas petition. In the absence of "clear direction or explanation" from the state court indicating whether the state

petition was timely, the federal court "must itself examine the delay . . . and determine what the state courts would have held in respect to timeliness." <u>Chavis</u>, 126 S.Ct. at 852. In <u>Chavis</u>, the Supreme Court found an unexplained delay of six months to be presumptively unreasonable under California law. <u>Id</u>. at 854. The Supreme Court stated, "Six months is far longer than the 'short period[s] of time,' 30 to 60 days, that most States provide for filing an appeal to the state supreme court. <u>Id</u>., *quoting* <u>Saffold</u>, 536 U.S. at 219. In addition, the Supreme Court provided the following guidance for determining timeliness:

> [T]he Circuit must keep in mind that, in <u>Saffold</u>, we held that timely filings in California (as elsewhere) fell within the federal tolling provision *on the assumption* that California law in this respect did not differ significantly from the laws of other States, i.e., that California's 'reasonable time' standard would not lead to filing delays substantially longer than those in States with determinate timeliness rules.

<u>Chavis</u>, 126 S.Ct. at 853, *citing* <u>Saffold</u>, 536 U.S. at 222-223.

      Here, Petitioner's delay of seven months is clearly unreasonable. The delay is more than the six months which was considered unreasonable in <u>Chavis</u>, and Petitioner has provided no explanation for the delay. Therefore, Petitioner did not proceed timely from the denial of his first habeas petition to his second petition and is thus not entitled to tolling for that interval.

      Respondent also argues that Petitioner should not be granted tolling for the interval because he was not proceeding in an ascending fashion. The Ninth Circuit has held that interval tolling is available even if the petitioner was not proceeding in an orderly progression. <u>Gaston v. Palmer</u>, 417 F.3d 1030, *rehearing granted and opinion modified by* <u>Gaston v. Palmer</u>, ___ F.3d ___, 2006 WL 1215382 (9th Cir. 2006). It is questionable whether <u>Gaston</u> still remains valid in light of <u>Chavis</u>. In any case, Petitioner is not entitled to tolling even under <u>Gaston</u>. In <u>Gaston</u>, the Ninth Circuit found that interval tolling is only available if the petitioner was behaving as he would in a typical appeal state, i.e., bringing the same claims to the court of first instance, then appealing the denial or otherwise seeking review in an expeditious fashion. <u>Id</u>. at 1044. Here, Petitioner was not behaving in such a manner. The latter three petitions can be considered one complete round of collateral review, because Petitioner was raising the same several claims and appealing the denials to the next level. The first petition contained only one claim and Petitioner did not expeditiously seek review to the next level. Therefore, Respondent is correct and Petitioner should not be granted tolling for the

U.S. District Court
E. D. California         cd                                     6

1  interval. The statute of limitations thus recommenced on October 21, 2003, the day after the 5th DCA
2  denied the first habeas petition.
3      A noted above, Petitioner's second habeas petition was filed in the superior court on May 11,
4  2004. At that point, 203 additional days had expired in the limitations period for a total of 224 days.
5  This petition, having been filed within the limitations period, is arguably timely filed. Pursuant to
6  § 2244(d)(2), Petitioner is entitled to tolling for the time this petition was pending until it was denied
7  on May 21, 2004. The next petition was filed in the 5th DCA three months later on August 31, 2004.
8  Respondent argues Petitioner should not be granted tolling for this interval because the three month
9  delay was unreasonable. As discussed above, the Supreme Court held in Chavis that an unexplained
10 six month delay is unreasonable. Chavis, 126 S.Ct. at 854. Petitioner's delay of 102 days is not as
11 long as that in Chavis; however, it is longer than the "short period of time" of 30 to 60 days noted by
12 the Supreme Court which most States provide for filing an appeal. Id. In addition, Petitioner
13 concedes the claims were entirely the same and he fails to explain why he delayed three months to
14 file his next petition. In light of these facts, the interval was unreasonable and Petitioner should not
15 be entitled to interval tolling. An additional 102 days of the limitations period ran for a total of 326
16 days.
17     The 5th DCA denied the petition on September 16, 2004. Petitioner then filed a habeas
18 petition in the California Supreme Court on October 6, 2004. Respondent concedes Petitioner timely
19 filed this petition. Therefore, Petitioner is entitled to interval tolling for the period between the last
20 two habeas petitions, and he is entitled to tolling for the time the last petition was pending until it
21 was denied on September 21, 2005. With 39 days remaining, the statute of limitations was set to
22 expire on October 31, 2005. Petitioner filed the instant federal petition on October 21, 2005, ten days
23 before the statute's expiration. The instant petition was therefore timely filed. For this reason,
24 Respondent's motion should be denied and Respondent should be directed to file an answer to the
25 petition.

26                                **RECOMMENDATION**
27     Accordingly, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss
28 based on an alleged violation of the statute of limitations be DENIED and Respondent be DIRECTED

1 to file an answer to the petition.

2   This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United
3 States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule
4 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of
5 California.

6   Within thirty (30) days after being served with a copy, any party may file written objections
7 with the court and serve a copy on all parties.  Such a document should be captioned "Objections to
8 Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and
9 filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.  The
10 Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The
11 parties are advised that failure to file objections within the specified time may waive the right to
12 appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

14 IT IS SO ORDERED.

15 **Dated:    May 22, 2006**          /s/ Sandra M. Snyder
   icido3                    UNITED STATES MAGISTRATE JUDGE