UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN ROBERT SLOAN, ) | 1:05-CV-1467 AWI SMS HC |
| Petitioner, ) | |
| v. ) | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION FOR RECONSIDERATION |
| ROSANNE CAMPBELL, Warden, ) | [Doc. #19] |
| Respondent. ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On November 16, 2005, Petitioner filed a petition for writ of habeas corpus in this Court. On March 28, 2006, Respondent filed a motion to dismiss the petition as being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1). Petitioner filed an opposition to Respondent's motion to dismiss on May 5, 2006. The undersigned issued a Findings and Recommendation on May 23, 2006, which recommended the motion to dismiss be denied. No party filed objections to the Findings and Recommendation. On July 24, 2006, District Judge Anthony W. Ishii adopted the Findings and Recommendation in full and denied the motion to dismiss.

On July 27, 2006, the undersigned issued an order directing Respondent to file a response.

1  Then, on September 22, 2006, Respondent filed a motion for leave to file a motion for
2  reconsideration and a motion for reconsideration based on newly discovered evidence. Petitioner
3  filed a response to the motion on October 10, 2006. Respondent filed a reply to Petitioner's response
4  on October 20, 2006.  Upon finding good cause for Respondent's failure to timely file objections to
5  the Findings and Recommendation, on October 24, 2006, the undersigned granted Respondent's
6  motion for leave to file a motion for reconsideration.

## DISCUSSION

Pending before the Court is Respondent's motion for reconsideration of the order denying her motion to dismiss. Respondent contends that newly discovered evidence in the form of prison mail logs demonstrates Petitioner submitted his federal petition to prison authorities on November 14, 2006. Therefore, pursuant to the mailbox rule, the federal petition should be deemed filed on November 14, 2006, rather than October 21, 2005, the date Petitioner signed the petition. This determination is critical, for as the undersigned found in the Findings and Recommendation of May 23, 2006, the statute of limitations expired on October 31, 2005. If Respondent's arguments have merit, the instant petition would be untimely.

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure,

> the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

In the interest of judicial economy, the Court will not rehash the entire Findings and Recommendation of May 23. The Court adopts the arguments and reasoning set forth in the Findings and Recommendation with the exception of the determination of the date the instant federal petition was filed.

In <u>Houston v. Lack</u>, the Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date

of its receipt by the court clerk. Houston v. Lack, 487 U.S. 266, 276 (1988). The Ninth Circuit has applied the rule to assess the timeliness of federal habeas filings under the AEDPA limitations period. Huizar v. Carey, 273 F.3d 1220, 1222, (9th Cir. 2001), *citing* Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988).

In her motion for reconsideration, Respondent has submitted the prison mail log for Petitioner for the months of July, 2005, to January, 2006. According to the mail log, no mail was sent by Petitioner in the month of October, 2005. On November 14, 2005, however, four packages were mailed to this Court. Therefore, Respondent argues, Petitioner could not have submitted his petition to prison authorities on October 21, 2005, as he has stated, and the mail log demonstrates Petitioner presented his petition to prison authorities for mailing on November 14, 2005. In Huizar, the Ninth Circuit stated that a "prison's log of outgoing mail provides strong evidence of the date [the petitioner] handed over his petition." 273 F.3d at 1224.

Petitioner argues the mail log does not accurately reflect how mail is handled at his institution. He states: "It is the policy and practiced procedure at the institution the [sic] the Petitioner is being held at that when processing out-going Legal mail, Staff must witness and verify the signature and date of the documents that are to be mailed prior to sealing them into an envelope, signing and dating said envelope, thus designating that parcel "Legal Mail." Petitioner's Rebuttal to Respondent's Motion for Reconsideration (hereinafter "Rebuttal") at 3. In light of this procedure, Petitioner argues that "it has to [be] believed that Petitioner's petition was dated, signed and verified to be "Legal Mail" in the presence of an Institutional Staff member prior to it's delivery into the Institution's mail service." Id. at 3-4.

Respondent has submitted the affidavit of Ronda Holtorf, the Office Services Supervisor in the mailroom at Mule Creek State Prison, where Petitioner is incarcerated. Ms. Holtorf's declaration flatly refutes Petitioner's version of the policy and procedure at Mule Creek State Prison. According to Ms. Holtorf, it is *not* the policy and practiced procedure for prison staff to witness and verify the date and signature of documents. Ms. Holtorf states: "Legal documents are considered confidential. Staff take extra precaution to not read the documents by turning the document upside down when inspecting the envelope for contraband." See Exhibit A, Respondent's Reply to Petitioner's Rebuttal

to Respondent's Motion for Reconsideration, Holtorf Declaration, ¶ 5. Indeed, she states, "At no time does an officer witness or verify the signature and date of the petition or other legal documents at the time the out-going legal mail is processed." Id., ¶ 6. Ms. Holtorf also states that any out-going legal mail processed by a housing unit officer is deposited in the housing unit mailbox the same day, and this mail is taken to the mailroom and mailed out on the same day. Id., ¶ 8. These policy and procedures are set forth in California Code of Regulations, Title 15, sections 3141 and 3144.

Therefore, it is apparent that Petitioner presented his petition to prison authorities on or about November 14, 2006. As noted above, the prison mail log provides strong evidence of the date Petitioner handed over his petition for mailing. Huizar, 273 F.3d at 1224. In addition, Petitioner's arguments with respect to the policy and procedures at his institution are clearly contradicted by the declaration of the mailroom supervisor and the applicable California statutes. Thus, it is this Court's determination that the instant federal petition should be deemed filed on November 14, 2005, the date Petitioner handed his petition over to prison authorities for filing. Houston, 487 U.S. at 276; Huizar, 273 F.3d at 1222. As the limitations period had already expired on October 31, 2005, the instant petition is untimely. Respondent's motion for reconsideration should be granted and her motion to dismiss the petition for untimeliness should be granted.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS:

1) Respondent's Motion for Reconsideration be GRANTED;

2) Respondent's Motion to Dismiss based on a violation of the statute of limitations be GRANTED; and

3) The Petition for Writ of Habeas Corpus be DISMISSED with prejudice.

This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within ten (10) court days (plus three days if served by mail) after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document

1  should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to
2  the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail)
3  after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to
4  28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified
5  time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th
6  Cir. 1991).

7  IT IS SO ORDERED.

8  **Dated:   November 16, 2006**              **/s/ Sandra M. Snyder**
   icido3                                    UNITED STATES MAGISTRATE JUDGE