1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

STEVEN ROBERT SLOAN,                    )     **CV F 05-1467 AWI SMS HC**
                                        )
              Petitioner,               )     **ORDER GRANTING**
                                        )     **CERTIFICATE OF**
       v.                               )     **APPEALABILITY**
                                        )
ROSANNE CAMPBELL, WARDEN,               )
                                        )     (Document #29)
              Respondent.               )
                                        )
_____ )

       Petitioner, a state prisoner proceeding pro se, is proceeding with a petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254.   On January 3, 2007, the court adopted the

Magistrate Judge's Findings and Recommendations, granted Respondent's motion to dismiss,

and dismissed the petition for writ of habeas corpus because it was not filed within 28 U.S.C. §

2244(d)(1)'s one year limitation period.   On January 31, 2007, the Clerk of the Court entered

judgment.   On January 29, 2007, Petitioner filed a notice of appeal and request a certificate of

appealability.

       A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district

court's denial of his petition, and an appeal is only allowed in certain circumstances.   Miller-El v.

Cockrell, 537 U.S. 322, 335-36 (2003).   The controlling statute is 28 U.S.C. § 2253, which

provides as follows:

       (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district

judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

 (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

 (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

  (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or

  (B) the final order in a proceeding under section 2255.

 (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

 (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-85 (2000).

In the present case, the court finds that reasonable jurists may debate this court's determination that Petitioner violated 28 U.S.C. § 2244(d)(1)'s one year statute of limitation. Specifically, reasonable jurists may debate the proper way for the court to determine when a petition is "filed" pursuant to the prisoner mailbox rule when the court is faced with conflicting evidence.   Accordingly, the court hereby ORDERS that:

1.      Petitioner's motion for a certificate of appealability is GRANTED;

2.      A certificate of appealability is GRANTED on the issue of whether the court correctly weighed the evidence concerning the filing date of Petitioner's petition and whether an evidentiary hearing was required.

IT IS SO ORDERED.

**Dated:   April 13, 2007**                      **/s/ Anthony W. Ishii**
                                                 UNITED STATES DISTRICT JUDGE